# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACK WALLACE, ET AL | CIVIL ACTION |
| versus | NO. 10-1136 |
| AEROPREMIER JET CENTER, LLC | SECTION "C" (4) |

## ORDER AND REASONS[1]

Before the Court is a Motion to Dismiss the Claims of plaintiffs Jack Wallace ("Wallace") and Robert Newton Yarborough, III ("Yarborough") (collectively "plaintiffs") by defendant AeroPremier Jet Center, LLC ("AeroPremier"). The plaintiffs oppose the motion. The motion is before the Court on the memoranda, without oral argument. After considering the memoranda of counsel, the record, and applicable law, for the following reasons, the motion to dismiss is GRANTED.

I. **Background**

This matter arises out of alleged damage to a Cessna 150J aircraft ("the aircraft") due to the alleged negligence of the defendant, AeroPremier. (Rec. Doc. 1 ¶ 4). The aircraft was owned by Wallace Yarborough Investments, LLC ("the LLC"). *Id.* There are three plaintiffs in this action: Wallace, the LLC, and Yarborough. The matter presently before the Court concerns only the claims of Wallace and Yarborough, not the claims of the LLC. Wallace states that he was a shareholder and/or owner of the LLC at all relevant times. (Rec. Doc. 1 ¶ 5). It is not clear from the Complaint what position Yarborough occupied in the LLC, however, the plaintiffs' memorandum in opposition states that Yarborough was an owner of the LLC, so the Court will treat him as such. (Rec. Doc. 11 at 6).

---

[1] Emily Ross, J.D. candidate of Tulane University Law School, assisted in preparing this Order and Reasons.

1

The plaintiffs allege that sometime before March 1, 2010, AeroPremier requested that Wallace fly the LLC's aircraft to the Lakefront Airport in New Orleans, Louisiana, in order for AeroPremier to inspect the aircraft in anticipation of purchasing it from the LLC. (Rec. Doc. 1 ¶ 6). Around March 1, 2010, a storm hit the Lakefront Airport and caused the aircraft to overturn and sustain severe damage. (Rec. Doc. 1 ¶ 10). The plaintiffs allege that AeroPremier was negligent in not properly securing the aircraft before the storm and that this negligence caused the damage. (Rec. Doc. 1 ¶ 10).

Apart from the claims of the LLC, Wallace and Yarborough allege individual damages as a result of their inability to use the aircraft for "business opportunities." (Rec. Doc. 1 ¶ 16, 17). AeroPremier moves the Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the individual claims of Wallace and Yarborough. AeroPremier alleges that Wallace and Yarborough, as individual owners and shareholders of the LLC, do not have standing to sue for damage to the LLC's property.

II. **Standard of Review**

Rule 12(b)(6) allows for dismissal of a claim when the plaintiff has failed to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the pleadings must raise a right to relief above the speculative level. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). In other words, a court "accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff," even if the pleadings are factually doubtful. *Id.*; *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Additionally, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's

likelihood of success." *Shandong Yinguang Chemical Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).

This case comes before the Court on diversity jurisdiction because the LLC and individual plaintiffs are domiciled in Alabama, while AeroPremier is domiciled in Louisiana. (Rec. Doc. 1 ¶1, 2). As such, the Court will apply Louisiana law to determine if the complaint brought by Wallace and Yarborough should be dismissed. *See Erie R. Co. v. Tomkins*, 304 U.S. 64, 78 (1938) (where jurisdiction is based on diversity in federal court, the court is to apply the substantive law of the state in which it sits.).

### III. Do the plaintiffs have individual standing to sue AeroPremier for damages to the LLC's aircraft?

The defendant argues that the plaintiffs have failed to state a claim for two reasons. First, as owners of the LLC, they are barred, under Louisiana and Alabama law, from asserting individual harm as a result of damage to the property of the LLC. The defendant asserts that the plaintiffs' claims are strictly derivative of the claims brought by the LLC. Second, the defendant argues that the plaintiffs' claims are barred by the economic loss rule ("ELR"). In response, the plaintiffs emphasize the distinction between corporations and LLCs in arguing that their claims are direct, not indirect or derivative, and are therefore not barred by Louisiana or Alabama law. The plaintiffs further argue that AeroPremier has misapplied the economic loss rule. The Court will address each of these issues separately.

a. *Do the plaintiffs assert direct or indirect claims against AeroPremier?*

It is well-settled Louisiana law that an individual, as a member or shareholder of an LLC, may not sue for damages resulting from damage to the LLC's property. LA. REV. STAT. § 12:1329; *see Kelly v. Porter, Inc.*, 687 F.Supp. 2d 632, 636 (E.D.La. 2010) (citing *N.E. Realty, L.L.C. v. Misty Bayou, L.L.C.*, 920 So. 2d 938, 941 (La. Ct. App. 2006) (Louisiana law bars "an

individual member of a limited liability company from pursuing an action for damages to the property of the limited liability company."). Of course, the LLC at issue here is formed under Alabama law, which has an almost identical statute, which states "all property originally contributed to the limited liability company or subsequently acquired by a limited liability company . . . is limited liability company property. A member has no interest in specific limited liability company property." ALA. CODE § 10-12-23(b). In other words, under both Louisiana and Alabama law, when property is acquired by an LLC and owned wholly by the LLC, the property interests are strictly those of a separate legal entity. The plaintiffs admit that shareholders or owners of an LLC cannot sue on their own behalf for damages to the LLC's property. (Rec. Doc. 11 at 4). However, the plaintiffs assert that they are suing "individually for their separate and independent damages not associated with their closely held limited liability company." (Rec. Doc. 11 at 2). They allege that the LLC has filed its own suit, separate and distinct from the suit they file as individuals who are unable to use the aircraft for business purposes since it was damaged. Therefore, the question before the Court becomes whether the plaintiffs are suing indirectly as a result of harm to the LLC, or strictly as individuals for their direct losses as a result of AeroPremiers alleged negligence.

The defendant suggests borrowing a test established by the American Law Institute for distinguishing direct from indirect (or derivative) claims:

> If a shareholder can recover in a suit only by showing that the corporation was injured, then the suit is considered derivative in nature, even if the corporate injury does cause indirect harm to the shareholder, while if a recovery can be granted to shareholder without proof of a corporate loss, then the suit is considered to be direct. 8 Glenn G. Morris & Wendell H. Holmes, La. Civ. Law Treatise, Business Organizations: Distinguishing direct from derivative suits, § 34.03 (2010).

This test is particularly persuasive given that the Louisiana Court of Appeal for the Fourth and Fifth Circuits have both used the test to distinguish between direct and derivative claims of

shareholders against a corporation. *See St. Bernard Optical Corp. v. Shoenberger*, 925 So. 2d 604, 608 (La. App. 4th Cir. 2006); *Scaffidi and Chette Entm't v. Univ. of New Orleans Found.*, 898 So. 2d 491, 495 (La. App. 5th Cir. 2005). In response to the defendants' use of this test, the plaintiffs offer only the argument that their claims are direct and the cases used by the defendants are applicable to corporations, not LLCs. The plaintiffs present several differences between LLCs and corporations, including that corporations are controlled by a board of directors and shareholders, while LLCs are controlled by a small number of managers and owners; LLCs and corporations file different tax documents and are treated differently for tax purposes; and LLCs may operate as partnerships, while corporations cannot. However, these distinctions do not offer any guidance on why test should not be used for LLCs. LLCs are similar to corporations in important ways, namely they are separate legal entities and members have no interest in a corporation's property or an LLC's property. In this case, the plaintiffs Wallace and Yarborough did not individually own the aircraft; the LLC owned the aircraft. Wallace and Yarborough cannot show that they are damaged apart from the damages of the LLC. That is, the plaintiffs can only recover for AeroPremier's alleged negligence if it is found that the LLC can recover for AeroPremier's alleged negligence. This falls squarely within American Law Institute's test as a derivative, or indirect, claim and is therefore barred.

    b.  *Economic loss rule as bar to plaintiffs' recovery*

The ELR provides that "a plaintiff may not recover economic losses resulting from negligence if the plaintiff lacks a proprietary interest in the damaged property." *Dunham-Price Group, LLC v. Citgo Petroleum Corp.*, 2010 WL 1285446, at *3 (W.D.La. Mar. 31, 2010) (citing *Robins Dry Dock & Repair v. Flint*, 275 U.S. 303 (1927)). The plaintiffs again allege that this rule is not applicable to LLCs and they urge the Court to observe a meaningful distinction

between corporations and LLCs to conclude that because of the way LLCs are structured, the ELR does not apply to their claims. (Rec. Doc. 11 at 3). However, the plaintiffs provide no reasoning as to why the ELR should not be applied to an LLC, given that the cases in which it does apply do not make any distinction between corporations and LLCs. *See, e.g.*, *State of La. Ex rel. Guste v. M/V Testbank*, 752 F.2d 1019, 1022 (5th Cir. 1985). For instance, in *Dunham-Price Group, LLC v. Citgo Petroleum Corp.*, the Western District of Louisiana applied the rule and stated that because the LLC had not experienced physical damage to *its* property, the state law claims for indirect losses did not stand. WL 1285446, at *3 (W.D.La. Mar. 31, 2010). Similarly here, the individual plaintiffs are suing for damage done to property that was wholly owned by the LLC; Wallace and Yarborough did not own the aircraft as individuals. Additionally, the "law has traditionally been reluctant to recognize claims based solely on harm to the interest in contractual relations or business expectancy." *Testbank*, 752 F.2d at 1024. The harm alleged here is based solely on business expectancy, or the plaintiffs loss of "business opportunities." (Rec. Doc. 1 ¶ 16).

The ELR simply states that if a plaintiff does not have a proprietary interest in damaged property, he cannot recover economic losses as a result of damage to that property. The plaintiffs assert that they do have a proprietary interest in the aircraft "because of the way LLCs are operated." (Rec. Doc. 11 at 6). Specifically, the plaintiffs assert that because the LLC is operated more like a partnership than a corporation, and they never paid money to the LLC to use the aircraft, this proves they have a proprietary interest in the aircraft. *Id.* However, the plaintiffs only proprietary interest in the aircraft is that which derives from their relationship as owners of the LLC. Presumably, if they did not own the LLC, which owned the aircraft, they would not have the right to use the aircraft whenever they wished for business purposes. The Court finds

that the plaintiffs Wallace and Yarborough have failed to state a legally cognizable claim, even if all of the pleadings are taken as true, because they cannot sue for damages to the property of the LLC and they have no separate, proprietary interest in the aircraft other than their relationship as owners and shareholders of the LLC.

Accordingly,

It is ordered that the Motion to Dismiss the Claims of Plaintiffs Wallace and Yarborough is GRANTED.

New Orleans, Louisiana, this 5th day of August, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE